COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KENNETH PETERS, JR.

                                    MEMORANDUM OPINION[*]
v.    Record No. 2901-98-4              PER CURIAM
                                       JUNE 22, 1999
JAMES HAGERMAN AND
 DETRA HAGERMAN


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                        Richard B. Potter, Judge

            (John J. Wall; Farrell & Croft, P.C., on
            brief), for appellant.

            (Robert H. Klima, on brief), for appellees.


     Finding that Kenneth Peters, Jr. withheld his consent to the

adoption of his biological child contrary to the best interests of

the child, the trial judge ordered that James and Detra Hagerman

are authorized to proceed with their petition to adopt the child.

Peters contends that the trial judge erred by (1) admitting into

evidence a home study report; (2) finding that clear and

convincing evidence proved that the Hagermans did not thwart

Peters' contact with the child, that Peters' continued

relationship with the child was detrimental, and that removal of

the child from the Hagermans' home would be harmful to the child;

(3) referring to the record of the juvenile and domestic relations

---

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

district court while hearing the matter de novo; and (4) finding that Peters was properly before the trial court. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

This matter initially was commenced in the juvenile and domestic relations district court where an order was entered deciding various issues concerning the custody of the child. Peters appealed to the circuit court only the ruling that his consent to adoption of the child by the Hagermans was withheld contrary to the best interest of the child.

The evidence was received during an ore tenus hearing in the circuit court. Peters was incarcerated at the time of the hearing and was represented by a guardian ad litem. The record on appeal includes the written statement of facts submitted by Peters, as corrected and supplemented by the trial judge.

> "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).

- 2 -

## Issue One

Peters contends that the home study report prepared by Bethany Christian Services was inadmissible hearsay and that the trial judge erred by admitting it into evidence.  Code § 63.1-220.3 specifies procedures that are required in cases of adoption when a parent has placed his or her child directly with the prospective adoptive parents.  Code § 63.1-220.3(B)(6) requires that a "licensed or duly authorized child-placing agency" conduct a home study of the prospective adoptive home and that the agency "provid[e] to the court a report of such home study, which shall contain the agency's recommendation regarding the suitability of the placement."  Thus, the statute specifically authorized and required that a home study report be filed with the trial court.  The report prepared by Bethany Christian Services was filed pursuant to that statute.  Therefore, Peters' hearsay objection to the admission of the home study report is without merit.

## Issue Two

Peters contends that the trial judge erred in ruling that clear and convincing evidence demonstrated that he was withholding his consent contrary to the best interests of the child.  We disagree.

"Adoption of a child may be ordered without the consent of the child's birth parent if that parent's consent to the

- 3 -

adoption is being withheld 'contrary to the best interests of the child as set forth in [Code] § 63.1-225.1.'"  Hickman v. Futty, 25 Va. App. 420, 426, 489 S.E.2d 232, 234 (1997) (citing Code § 63.1-225(F)).  Code § 63.1-225.1 provides, in pertinent part, as follows:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, . . . the court shall consider whether the failure to grant the petition for adoption would be detrimental to the child.  In determining whether the failure to grant the petition would be detrimental to the child, the court shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child, whether the birth parent(s)' efforts to assert parental rights were thwarted by other people, the birth parent(s)' ability to care for the child, the age of the child, the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children, the duration and suitability of the child's present custodial environment and the effect of a change of physical custody on the child.

Under the statute, "not only must the prospective adoptive placement serve the child's best interests, but the continued relationship with the non-consenting parent must prove to be detrimental."  Hickman, 25 Va. App. at 431, 489 S.E.2d at 237. Applying this standard, we have held as follows:

> Detriment is determined, as it was under the prior case law, by considering the non-consenting parent's fitness, or ability, to parent the child as well as the

- 4 -

> relationship the non-consenting parent
> maintains with the child and other children,
> if any.  That relationship, as it was under
> the prior case law, is evaluated in terms of
> the non-consenting parent's willingness to
> provide for the child, that parent's record
> of asserting parental rights, taking into
> consideration the extent to which, if any,
> such efforts were thwarted by other people,
> and the quality of the parent-child
> relationship.

Id. at 431-32, 489 S.E.2d at 237.

The trial judge reviewed the evidence pursuant to the statutory factors.  The uncontested evidence established that Peters was incarcerated on state and federal drug and gun charges before the child's birth.  He has been sentenced to incarceration in prison for a period of forty-seven years.  According to the testimony of Peters' mother, Peters planned for the child to live with her and her husband until his release from prison.  His mother testified that Peters had a good relationship with his two other children.  The trial judge was entitled to place little weight on the testimony of Peters' mother.  Indeed, the evidence proved that at the time of the hearing, Peters did not have custody of either of his other two children.  It was undisputed that the child whose adoption was pending had no relationship with Peters or his other children.

While Peters contended that the prospective adoptive parents thwarted his relationship with the child, the trial judge found no evidence to support that contention.  The

- 5 -

Hagermans admitted that they did not seek out Peters or attempt to initiate contact with him or keep him informed concerning the child's life. The failure to take affirmative action to establish a relationship which the prospective adoptive parents viewed as not in the child's best interests is not the same as affirmatively erecting barriers to keep Peters away from the child. No evidence indicated that the Hagermans barred Peters from contact with the child. The evidence proved Peters was incarcerated in Texas. Thus, Peters' inability to see the child and parent him was a result of his own actions, not that of the Hagermans. We hold that the evidence supported the trial court's finding that clear and convincing evidence proved the Hagermans did not thwart Peters' relationship with the child.

Peters was not in a position at the time of the hearing or in the immediate future to have custody of or to provide support for any of his children. On the other hand, the evidence indicated that the prospective adoptive parents had established a loving relationship with the child and had both the emotional and physical ability to provide the child with a good home. The trial judge's finding that Peters withheld consent to the adoption contrary to the child's best interests was supported by the evidence.

Peters contends the trial judge's ruling amounted to a finding that an incarcerated father who objects to the adoption

of his child withholds his consent, as a matter of law, contrary to the child's best interests.  We find no basis for that contention.  Each case must be determined based upon its unique facts.  The trial judge decided this case based solely on the current circumstances of the adoptive parents compared with those of Peters, who as an unmarried father sentenced to over thirty years in prison has never seen the child whose adoption is pending and who cannot realistically provide physical custody or support for an undetermined number of years.  See generally Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 417 S.E.2d 1 (1992).

## Issue Three

Peters contends the trial judge committed reversible error by accepting into evidence the home study report initially submitted to the district court.  He alleges that this action demonstrated that the trial judge failed to conduct a hearing de novo.

Nothing in the record indicates that the trial judge improperly deferred to the finding of the juvenile court or otherwise failed to require proof meeting the standard of clear and convincing evidence.  We note that this appeal concerned only one of several issues decided by the juvenile court.  The unappealed rulings of the juvenile court were final and binding on the parties.  Furthermore, as noted above, the trial judge

did not err by accepting into evidence the home study report required by law to be submitted to the trial court.

### Issue Four

Peters also contends that the trial judge lacked jurisdiction because he was not present at the hearing. Peters concedes that he was represented by a guardian ad litem. Furthermore, he cites no authority for his assertion that representation by a guardian ad litem was "separate and distinct from [Peters'] 'opportunity to appear before the court,'" and we find no support for that assertion in either statutory or case law. See generally Code §§ 8.01-2 and 8.01-9.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.